UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00086-FDW-DSC

| | |
|---|---|
| CHARLY R. BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| PACTIV/REYNOLDS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8). Plaintiff, who appears pro se, responded in opposition to the motion (Doc. No. 9), and Defendant did not file a reply. Defendant recently moved for leave to supplement its motion to dismiss with a memorandum issued by the United States Attorney General (Doc. No. 11). Plaintiff has not filed a response to that motion; however, after reviewing the pleadings, the Court finds no reason to delay ruling.

The Court recognizes the ample case law, much of which is cited in Defendant's memorandum in support of its motion, ruling that transgender status is not recognized as being protected under Title VII. Without deciding this issue in the case at bar at this stage, the Court notes the United States Supreme Court has recognized that Title VII protects persons from sex discrimination for failing to act in accordance with their gender stereotype. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Given the favorable review afforded Plaintiff, as the nonmoving party, in analyzing the motion under Fed. R. Civ. P. 12(b)(6), the Court finds the *pro se* complaint sets forth minimally sufficient allegations, when construed in her favor, could suggest discrimination based on her failure to conform to gender stereotypes. Accordingly, the Court finds

1

it would be inappropriate to resolve the issue at this early stage. Thus, Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE, such that Defendant may reassert their arguments following discovery in a motion for summary judgment.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 8) is DENIED WITHOUT PREJUDICE. In light of this ruling, Defendant's Motion to Supplement (Doc. No. 11) is DENIED AS MOOT. As with the ruling on the motion to dismiss, denial of the motion to supplement the motion to dismiss is without prejudice to Defendant's ability to include any relevant argument in a subsequent motion for summary judgment.

IT IS FURTHER ORDERED that in light of this ruling, Plaintiff, who appears pro se, is permitted to participate in the Pro Se Settlement Assistance Program for the Western District of North Carolina. This program provides civil pro se litigants with limited advice and representation at mediated settlement conferences. More information regarding the program can be found on the Court's website http://www.ncwd.uscourts.gov/pro-se-settlement-assistance-program.

The Court finds that the parties in this case should be given the opportunity to participate in the program. Accordingly, the CLERK OF COURT shall send the pro se Plaintiff a Notice of Availability of the Settlement Assistance Program; and Plaintiff shall have fourteen (14) days to return the completed Notice form to the Clerk of Court in Charlotte. Should Plaintiff not choose to opt in to the Program, the parties should proceed under the Federal Rules of Civil Procedure in conducting a Rule 26(f) conference and submitting the appropriate report.

IT IS SO ORDERED.

Signed: October 31, 2017

Frank D. Whitney
Chief United States District Judge